# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **ANGELA JAN BAPTISTA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Civil Action No.:** 1:21-cv-04283-MLB-JKL |
| | ) |
| **AUTOMATIC DATA** | ) |
| **PROCESSING, INC.,** | ) |
| | ) |
| Defendant. | ) |

---

## PLAINTIFF'S COMPLAINT WITH
## DEMAND FOR JURY TRIAL

---

Now comes the Plaintiff, ANGELA JAN BAPTISTA (hereinafter "Plaintiff" or "BAPTISTA"), and files her Complaint against the Defendant, AUTOMATIC DATA PROCESSING, INC. (hereinafter "Defendant" or "ADP") and says:

## <u>NATURE OF THE CLAIMS</u>

1.      This is an action for monetary damages, pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601, *et seq.* (hereinafter the "FMLA"); Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter the "ADA"); and the Age Discrimination in Employment Act 29 U.S.C. §§ 621, *et seq.* (hereinafter the "ADEA").

2.     This is an action to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and relation against Plaintiff because of her disability and age, and Defendant's interference with and retaliation towards Plaintiff for exercising her rights under the FMLA.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding Plaintiff's rights under the ADEA, FMLA and the ADA.

4.     Venue is proper in this district pursuant to 38 U.S.C. § 4323(c)(2) and 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## PARTIES

5.     Plaintiff, Baptista, is a citizen of the United States, and is and was at all times material, a resident of the State of Georgia.

6.     Plaintiff worked for Defendant at its offices located at 5680 New Northside Drive NW, Atlanta, GA 30339.

7.     Defendant, ADP, is a Foreign Profit Company licensed to do business in Georgia, with its principal place of business in Roseland, New Jersey.

8.     Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9.     Plaintiff has complied with all statutory prerequisites to filing this action.

10.    On June 23, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

11.    Plaintiff's EEOC charge was filed within one hundred and eighty days after the alleged unlawful employment practices occurred.

12.    On July 26, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue, upon request.

13.    This complaint was filed within ninety days of the issuance of the EEOC's Right to Sue letter.

## FACTUAL ALLEGATIONS

14.    Plaintiff was employed by Defendant for approximately four (4) years and seven (7) months, from November 2015 through June 2020.

15.   At the time of her termination Plaintiff held the position of Implementation Payroll Specialist.

16.   Plaintiff was a full-time employee who regularly worked at least forty (40) hours per week.

17.   Plaintiff satisfactorily performed the duties and requirements of her job.

18.   At the time of her termination, Plaintiff was 59 years of age.

19.   In or around May or June 2019, Plaintiff began reporting to a new Payroll Manger, Naweh Wong.

20.   Ms. Wong subjected Plaintiff to disparate treatment compared to her similarly situated colleagues.

21.   Plaintiff was one of four Implementation Payroll Specialists in her office.

22.   Plaintiff was the oldest of the four Implementation Payroll Specialists.

23.   Ms. Wong subjected Plaintiff to constant criticism and was verbally abusive to Plaintiff.

24.   When Plaintiff would go to Ms. Wong in need of help or support with her work, she would not assist her and would tell her to go find help elsewhere.

25.     In February 2020, Plaintiff complained to James Brook, Director of Implementation, that Ms. Wong was treating her in a disparate manner and refusing to engage in conversations with Plaintiff during one-on-one meetings.

26.     Plaintiff also complained to Mr. Brook that Ms. Wong told Plaintiff that nobody liked her and that when Plaintiff went to Ms. Wong for help she would tell Plaintiff to do it herself.

27.     Plaintiff also complained to Tawana Tarbeat, Vice President of Implementation, about the same issues with Ms. Wong's disparate treatment.

28.     On or about February 18, 2020, Plaintiff complained to Raymond King II, Director of HR, about Ms. Wong's disparate treatment.  Plaintiff also requested to be transferred to a different team due to Ms. Wong's discrimination.

29.     A few days later, Plaintiff emailed Mr. King that things had gotten worse as a result of Defendant's failure to take remedial action.

30.     In February 2020, Ms. Wong began making frequent comments to Plaintiff regarding her age and ability to handle her job.

31.     Ms. Wong made comments such as "you are old, do you think you can handle this job?" multiple time.

32.     Ms. Wong also inquired how old Plaintiff was.

33.     At all times relevant, Ms. Wong was less than 40 years old.

34.    Plaintiff is disabled.

35.    At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.  Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

36.    At all times material, Defendant was aware of Plaintiff's condition.

37.    In March 2020, Plaintiff was diagnosed with hypertension and generalized anxiety disorder.

38.    Plaintiff's diagnosis was due in part to the stress caused by Ms. Wong.

39.    In March 2020, Plaintiff verbally informed Mr. Wong of her diagnosis.

40.    Plaintiff had a physical or mental impairment that substantially limited one or more of Plaintiff's major life activities, including concentrating, working, thinking, learning, and performing manual tasks.

41.    Plaintiff had a physical or mental impairment that substantially limited the operation of a major bodily function, specifically the neurological and circulatory functions.

42.    Plaintiff requested a reasonable accommodation in the form of a brief medical leave of absence.

43.    In March 2020, Plaintiff applied for and was approved to take continuous leave under the FMLA.

44.    Plaintiff later revised her application to seek intermittent leave under the FMLA.

45.    Plaintiff was approved to use intermittent FMLA in or around April 2020.

46.    Plaintiff utilized leave under the FMLA on a few occasions as an accommodation to her disabilities.

47.    On or around May 19, 2020, Defendant unlawfully terminated Plaintiff's employment under the pretext of a position elimination.

48.    Plaintiff was the only member of her Implementation Payroll Specialist team that was terminated in the alleged position elimination.

49.    At all times material, Plaintiff had not yet exhausted her 12 weeks of leave under the FMLA.

50.    Plaintiff has been damaged by Defendant's illegal conduct.

51.    Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## **Count I: FMLA Retaliation**

52.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-51, above.

53.     Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

54.     At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

55.     Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

56.     Defendant retaliated against Plaintiff for exercising, or attempting to exercise, her FMLA rights.

57.     Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

58.     Plaintiff was injured due to Defendant's willful violation of the FMLA, to which she is entitled to legal relief.

## Count II: FMLA Interference

59.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-51, above.

60.     Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

61.     At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

62.     Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

63.     Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

64.     Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

65.     Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

## Count III: Disability Discrimination in violation of the ADA

66.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-51, above.

67.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

68.     Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

69.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

70.     Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on Plaintiff's disability.

71.     Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's disability.

72.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

73.    Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## **Count IV: Retaliation in Violation of the ADA**

74.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-51, above.

75.    Plaintiff engaged in protected activity under the ADA on more than one occasion while employed by Defendant.

76.    Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

77.    Defendant's conduct violated the ADA.

78.    Defendant intentionally retaliated against Plaintiff for engaging in protected activity under the ADA.

79.    Defendant's conduct violates the ADA.

80.    Plaintiff has satisfied all statutory prerequisites for filing this action.

81.    Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

11

82.    Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

83.    Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## Count V: Age Based Discrimination in Violation of the ADA

84.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-51 above.

85.    At all times relevant to this action, Plaintiff was in a protected category under the ADEA because of Plaintiff's age.

86.    Defendant is prohibited under the ADEA from discriminating against Plaintiff because of Plaintiff's age with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

87.    Defendant violated the ADEA by unlawfully targeting and discriminating against Plaintiff based on Plaintiff's age.

88.    Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's age.

89.    Plaintiff has been damaged by the illegal conduct of Defendant.

90.    Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

91.    Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## **Count VI:  Retaliation in Violation of the ADEA**

92.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-51, above.

93.    Plaintiff engaged in protected activity under the ADEA on more than one occasion while employed by Defendant.

94.    Defendant's conduct violated the ADEA.

95.    Plaintiff has satisfied all statutory prerequisites for filing this action.

96.    Defendant's discriminatory conduct, in violation of the ADEA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

97.    Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

98.     Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)      Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b)      Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert witness fees); and

c)      Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**_/s/ Gary Martoccio_**
Gary Martoccio, Esq.
Georgia Bar Number: 497511
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950

14

Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499

Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*

CERTIFICATION: The above-signed counsel hereby certifies that this document
was prepared in Times New Roman 14-point font and a 1.5 inch top margin in
accordance with LR 5.1B, N.D.Ga.